# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD TREISBACK, | : | CRIMINAL ACTION NO. |
| | : | 2:11-CR-00022-RWS |
| Defendant. | : | |

## **ORDER**

This case is before the Court for consideration of the Report and Recommendation [33] of Magistrate Judge Susan S. Cole. After reviewing the Report and Recommendation and Defendant's Objections [34] thereto, the Court enters the following Order.

In his Motion to Dismiss the Indictment [27], Defendant seeks dismissal of the Indictment based on alleged outrageous law enforcement conduct. Specifically, Defendant alleges that conduct of law enforcement agents during the execution of a search warrant was so outrageous as to justify dismissal of the Indictment. In the Report and Recommendation, Judge Cole recommends denial of the Motion. First, she points out that there is some question whether

the Eleventh Circuit has ever acknowledged the existence of the outrageous government conduct doctrine.  Second, even if such a doctrine applies, the Government misconduct must relate to the Defendant's underlying or charged criminal acts.  Finding that the alleged misconduct in this case did not relate to the underlying criminal conduct, Judge Cole recommends denying Defendant's Motion.

In his Objections, Defendant insists that he is entitled to a hearing on his Motion.  He asserts that the "alleged misconduct here goes directly to the evidence attained against Mr. Treisback."  Objs. [34] at 2.  Thus, Defendant asserts that the "alleged misconduct is directly related to the criminal prosecution."  Id..

The Court receives the Report and Recommendation with approval and adopts it as the Opinion and Order of this Court.  Specifically, the Court agrees that Defendant is not entitled to an evidentiary hearing on his allegations.  Further, the Court agrees that the alleged misconduct of the Government must relate to the underlying criminal conduct, not simply to the criminal prosecution.  Therefore, Defendant's Motion [27] is hereby **DENIED**.

AO 72A
(Rev.8/82)

**SO ORDERED** this  6th  day of April, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

3